CHIEF JUSTICE GRAY,
specially concurring.
¶58 For the most part, I join in the Court’s analysis of the issues presented and in the result the Court reaches in this case. I also join in those portions of the Court’s opinion on issue 3 which conclude that nothing in FEC’s written personnel policies required progressive discipline before McConkey could be discharged, and that McConkey has failed to establish a genuine issue of material fact regarding whether he demonstrated an inability to meet the standards of job performance or conduct.
¶59 I write separately to state the basis on which I join the Court’s result with regard to McConkey’s argument that the Board failed to adopt an appropriate disciplinary procedure for McConkey, as required by FEC’s written policies. The Court concludes, in essence, that the Board’s acts of terminating McConkey and then providing him with written notice and justification for the termination constituted compliance with the written policy requiring the Board to “adopt an appropriate disciplinary procedure” in a case involving discipline of the *64 general manager. I do not agree.
¶60 It is my view that the written policy required the Board to actually adopt an appropriate disciplinary procedure, in the same manner as it had adopted a progressive disciplinary procedure applicable to its other employees. The procedure clearly was intended to be separate and apart ffom-and need not be the same as-the procedure for other employees. The Board did not adopt such a procedure, and I would conclude it violated its written policy in that regard.
¶61 Under the circumstances of this case, however, I also would conclude that the violation did not provide a basis for a wrongful discharge claim by McConkey, because he did not raise a genuine issue of material fact that whatever procedure the written policy necessitated would have been required to include more elements than the actions the Board took-which included several meetings between representatives of the Board and McConkey to attempt to resolve what was perceived as paralysis within the FEC, several discussions of the matter at executive sessions of the Board, a vote to terminate at an open Board meeting, notice to McConkey and written justification for the termination.
¶62 I realize that all of this may seem a distinction without a difference. At the bottom line, it is. I write, however, out of an abundance of caution and concern for future cases. This case presents facts very different from the ordinary wrongful discharge case, and it is crucial to safeguard the vitality of § 39-2-904(l)(c), MCA, which states that a discharge is wrongful if “the employer violated the express provisions of its own written personnel policy.” It is important that the Court’s statements to the effect that the acts of terminating McConkey were the functional equivalent of actually adopting a procedure will not be relied on by employers-or used against terminated employees-in future cases.